KIRKMAN vs. BARTON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

The party claiming damages for loss of rent occasioned by the non-
delivery of a house according to contract, must show that he put the
adverse party in default before he can recover.

This is an action to recover seven hundred and fifty-seven

dollars, the amount of an account for granite, which the plaintiff alleges she furnished to the defendant, at his request, for the use of a brick building he was erecting or repairing in Magazine-street, in New-Orleans, according to an account annexed to the petition.

The defendant averred that he purchased the building to which the granite in question was applied, from the plaintiff, while in progress, and she stipulated that it would be ready by a certain period specified ; that there was no agreement between them that a granite front was to be made, but that it became necessary, from the weakness of the wall, and from the report of the city surveyor, that the building would not be safe without it. She is in no way responsible for it. He further avers, that the house was not delivered until two months after the time stipulated, by which he lost rent amounting to four hundred dollars, for which he claims judgment in reconvention.

Upon these pleadings and issues, the cause was tried. There was no demand for the delivery of the building at the time stipulated ; and the plaintiff was not put in default. From the evidence adduced, the district judge made up an an account, and allowed the plaintiff four hundred and forty-eight dollars, and from judgment therefor the defendant appealed.

*Elwyn,* for the plaintiff.

*S. Barton,* contra.

*Eustis, J.,* delivered the opinion of the court.

This is a case which depends entirely on matters of fact. The only doubt which we had of the correctness of the judgment of the court below, was in the claim of the defendant for compensation for rent, in consequence of the non-delivery of the building in the condition, and at the time, required by the contract. Independent of the change made in the contract, by the defendant's assent, we find no evidence of the plaintiff's having been put in default. *Louisiana Code,* 1927, 1905, *et seq.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.